UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

JAMES CRITCHFIELD,

Plaintiff,

v.

PRESTON PIPELINES INC., et al.,

Defendants.

Case No. 20-cv-02981-LB

**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**

Re: ECF No. 9

## INTRODUCTION

Plaintiff James Critchfield, who is representing himself, sued his former employer Preston Pipelines and five Preston employees (Mike Preston, Ron Bianchini, Rich Lewis, Dennis Daikoku, and Tom Ryan), alleging that they fired him for impermissible, discriminatory reasons.[1] He checked the box "Other" on the Northern District's form employment complaint and specified that he "was passed over for many promotions or lateral moves because they would use it to harass[] me."[2] The defendants collectively moved to dismiss the complaint (1) under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process under Rule 4, (2) under Rule 12(b)(6) for failure to state a claim, (3) and for failure to exhaust administrative remedies with the Equal

---

[1] Compl. – ECF No. 1. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 4 (¶¶ 5–6).

ORDER – No. 20-cv-02981-LB

United States District Court
Northern District of California

1    Employment Opportunity Commission ("EEOC") for any claim except an age-discrimination

2    claim against Preston and for all claims against the individual defendants.[3] The court can decide

3    the motion without oral argument, *see* Civ. L. R. 7-1(b), and grants the motion to dismiss.

4

5                                            **STATEMENT**

6        The following sections summarize (1) the complaint and other documents that the court can

7    consider and (2) relevant procedural history.

8

9    **1.   The Complaint And Other Documents**

10       Mr. Critchfield claims that the defendants fired him for impermissible, discriminatory reasons

11   and that they passed him over for promotions or lateral moves to harass him.[4] He attached three

12   documents to the complaint.[5] The first is a letter with witnesses who can substantiate his claims,

13   including information about Tom Ryan's yelling at, harassing, and abusing other employees, and

14   Preston Pipeline's firing the employees "for complaining such as myself."[6] The second is Preston

15   Pipeline's January 17, 2020 response to the EEOC charge, where Preston contends that (a) Mr.

16   Critchfield's work performance over his tenure — 2014 (when he was hired at age 56 as an entry-

17   level shop attendant) to 2019 — began as average and regressed due to anger-management issues

18   that involved verbal attacks on other employees, (b) it restructured and eliminated his position and

19   did not fire him (decisions made by Mr. Critchfield's direct supervisor Dennis Daikoku (age 58)

20   and Tom Ryan (age 61)), and (c) over half of Preston's employees are over 40, 68 are 55 and

21   older, and six are between 65 and 70, and it is committed to hiring qualified employees of all ages

22

23   [3] Mot. – ECF No. 9-1 at 5–17.

24   [4] Compl. – ECF No. 1 at 3–4 (¶¶ 4–6).

25   [5] The court considers the attachments to the complaint under the incorporation-by-reference doctrine
     and considers the other EEOC filings under that doctrine (in that selective attachment of documents to
     the complaint does not prevent consideration of the full EEOC complaint) or by judicially noticing
26   them. Fed. R. Evid. 201; *Knievel v. ESPN*, 393 F.3d 1068, 1076–77 (9th Cir. 2005); *Wyatt v. City of
     Burlingame*, No. 16-cv-02681-DMR, 2017 WL 565303, at *1 (N.D. Cal. Feb. 13, 2017) (judicially
27   noticing EEOC documents; "[c]ourts in this district have routinely taken judicial notice of documents
     in the EEOC and [the Department of Fair Employment and Housing] DFEH administrative records").

28   [6] Letter – ECF No. 1 at 6.

(and its handbook prohibits age discrimination).[7] The third is Mr. Critchfield's January 23, 2020 response to Preston's January 17, 2020 EEOC response, where he contests Preston's fact assertions, contests his poor performance (pointing to his lack of bad-performance reviews and his yearly salary increases), notes Tom Ryan's verbal abuses, mentions discrimination and harassment, says that he was never warned about anger management, admits his use of profanity after he was terminated, and identifies profanity, yelling, and harassment that others directed against him.[8] The cover sheet to Mr. Critchfield's complaint (Form JS-CAND 44) specifies that his claims are "Fair Employment and Harassment" and that he "was fired for complaining about the abuse from his superiors."[9]

In his charge with the EEOC, Mr. Critchfield alleged that Preston's termination of his employment was age discrimination (based on his age of 61) and pointed to the hiring of a 21-year-old employee to replace him.[10]

On February 6, 2020, the EEOC issued its determination that it was "unable to conclude" that there was any violation of "the statutes."[11]

### 2. Procedural History

Mr. Critchfield filed his complaint on April 30, 2020.[12] He mailed the defendants the summons and complaint, by certified mail, to Preston's offices in Milpitas, California.[13] The parties consented to magistrate-judge jurisdiction.[14]

---

[7] Letter – *id.* at 7–9.

[8] Letter – *id.* at 10–15.

[9] Civil Cover Sheet – ECF No. 1 at 2.

[10] EEOC Charge, Ex. A to Req. for Judicial Notice ("RJN") – ECF No. 9-8 at 6.

[11] EEOC Dismissal and Notice of Rights, Ex. B to RJN – ECF No. 9-8 at 10.

[12] Compl. – ECF No. 1.

[13] Proofs of Service – ECF Nos. 13–18; Boudinot Decl. – ECF No. 9-7 at 2 (¶¶ 3–4); Envelopes, Exs. A–B to Boudinot Decl. – ECF No. 9-7 at 3–10.

[14] Consents – ECF Nos. 8, 10. A defendant's consenting to magistrate-judge jurisdiction does not waive any defenses, including a defense of lack of service. *Harper v. City of Cortez*, No. 14-cv-02984-KLM, 2015 WL 4113825, at *3 (D. Colo. July 8, 2015) (holding that defendants' consent to

United States District Court
Northern District of California

**ANALYSIS**

The defendants move to dismiss for insufficiency of service under Rule 12(b)(5) and Rule 4, failure to state a claim under Rule 12(b)(6), and failure to exhaust remedies with the EEOC. The court grants the motion to dismiss.

## 1.  Service of Process

Federal courts cannot exercise personal jurisdiction over a defendant without proper service of process. *Omni Capital Int'l, Ltd. v. Wolff & Co.*, 484 U.S. 97, 104 (1987). Insufficient service can result in dismissal. Fed. R. Civ. P. 12(b)(5). The sufficiency of service is determined by Federal Rule of Civil Procedure 4, which is flexible and liberally construed. *See Emp. Painters' Trust v. Ethan Enters., Inc.*, 480 F.3d 993, 998–99 (9th 2007); *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984). "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under [Rule] 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

Under Federal Rule of Civil Procedure 4(e), a plaintiff may serve an individual defendant using any method permitted by the law of the state in which the district court is located or in which service is effected. Fed. R. Civ. P. 4(e)(1). California law allows for five basic methods of service: (1) personal delivery to the party, *see* Cal. Civ. Proc. Code § 415.10; (2) delivery to someone else at the party's usual residence or place of business with mailing after (known as "substitute service"), *see id.* § 415.20; (3) service by mail with acknowledgment of receipt, *see id.* § 415.30; (4) service on persons outside the state by certified or registered mail with a return receipt requested, *see id.* § 415.40; and (5) service by publication, *see id.* § 415.50. California Code of Civil Procedure § 413.30 also provides that a court "may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party served."

---

magistrate-judge jurisdiction did not waive service or jurisdiction defenses). To hold otherwise would put parties in the unfair position of being unable to consent to a magistrate judge without also having to waive defenses. *See id.*; *cf. Miller v. Wholesale Am. Mortg., Inc.*, No. 17-cv-05495-LB, 2018 WL 306714, at *4 (N.D. Cal. Jan. 5, 2018) (parties who want to consent to magistrate-judge jurisdiction should not have their consents unduly frustrated).

United States District Court
Northern District of California

1    A plaintiff may serve a corporation through a person "designated as agent for service of

2    process" or a listed officer of the corporation. Cal. Civ. Proc. § 416.10(a)–(b).

3    Mr. Critchfield personally mailed the summons and complaint, via certified mail, to all

4    defendants at Preston's office in Milpitas, California.[15] This does not comply with the service

5    rules, because Mr. Critchfield cannot serve the summons and complaint himself and instead must

6    use a non-party "at least 18 years old." Fed. R. Civ. P. 4(c)(2). Also, Mr. Critchfield needs to

7    comply with the above rules when he re-serves the defendants, such as serving Preston and the

8    individual defendants.

9

10   **2.   Failure to State a Claim Under Rule 12(b)(6)**

11   A complaint must contain a "short and plain statement of the claim showing that the pleader is

12   entitled to relief" to give the defendant "fair notice" of what the claims are and the grounds upon

13   which they rest. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A

14   complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the

15   'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic

16   recitation of the elements of a cause of action will not do. Factual allegations must be enough to

17   raise a claim for relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (cleaned up).

18   To survive a motion to dismiss, a complaint must contain sufficient factual allegations, which

19   when accepted as true, "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

20   U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when

21   the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

22   defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a

23   'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

24   unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 557). "Where a complaint pleads facts that are

25

26

27   ---
[15] Proofs of Service – ECF Nos. 13–18; Boudinot Decl. – ECF No. 9-7 at 2 (¶¶ 3–4); Envelopes, Exs.
28   A–B to Boudinot Decl. – ECF No. 9-7 at 3–10.

1    merely consistent with a defendant's liability, it stops short of the line between possibility and

2    plausibility of 'entitlement to relief.'" *Id*. (cleaned up) (quoting *Twombly*, 550 U.S. at 557).

3      "A pro se complaint must be 'liberally construed,' since 'a pro se complaint, however

4    inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

5    lawyers.'" *Entler v. Gregoire*, 872 F.3d 1031, 1038 (9th Cir. 2017) (quoting *Erickson v. Pardus*,

6    551 U.S. 89, 94 (2007)).

7      If a court dismisses a complaint, it should give leave to amend unless the "pleading could not

8    possibly be cured by the allegation of other facts." *United States v. United Healthcare Ins. Co*.,

9    848 F.3d 1161, 1182 (9th Cir. 2016) (cleaned up). But "leave to amend may be denied when a

10   plaintiff has demonstrated a 'repeated failure to cure deficiencies by amendments previously

11   allowed." *Id*. at 1183. "It is not an abuse of discretion to deny leave to amend when any proposed

12   amendment would be futile." *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990)

13   (cleaned up).

14      First, under the ADEA and (to the extent that Mr. Critchfield raises a claim, the Civil Rights

15   Act of 1964), the statutes do not provide a cause of action for damages against supervisors or

16   fellow employees. *Holly D. v. California Inst. of Tech.*, 339 F.3d 1158, 1179 (9th Cir. 2003) ("We

17   have consistently held that Title VII does not provide a cause of action for damages against

18   supervisors or fellow employees.") (citation omitted); *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583,

19   587–88 (9th Cir. 1993) (Congress imposed liability only on employers under Title VII and the

20   ADEA, not individuals); *Cai v. Chiron Corp.*, C 04-1587-CRB, 2004 WL 1837985, at *2–3 (N.D.

21   Cal. Aug. 17, 2004) (dismissing Title VII and ADEA claims against individual defendants with

22   prejudice); *Grimes v. San Mateo Cnty. Transit Dist.*, No. C 12–06381 LB, 2013 WL 1739470, at

23   *6–7 (N.D. Cal. Apr. 22, 2013) (same).

24      Second, there are no fact allegations against the individual defendants or Preston sufficient to

25   plausibly allege a claim of age discrimination.

26      To establish a prima facie case of age discrimination, a plaintiff must plausibly plead that he

27   was (1) at least forty years old, (2) performing his job satisfactorily, (3) discharged, and (4) "either

28   replaced by a substantially younger employee with equal or inferior qualifications or discharged

United States District Court
Northern District of California

under circumstances otherwise giving rise to an inference of age discrimination." *Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1049 (9th Cir. 2012); *accord Drevaleva v. U.S. Dep't of Veterans Affairs*, C 18-3748-WHA, 2018 WL 6305612, at *3 (N.D. Cal. Dec. 3, 2018); *see also Fitch v. San Francisco Unified Sch. Dist.*, No. 15-cv-02769-SI, 2015 WL 6551668, at *5 (N.D. Cal. Oct. 29, 2015) (while a plaintiff is "not required to plead a prima facie case of discrimination in order to survive a motion to dismiss . . . courts still look to the elements of the prima facie case to decide . . . whether the challenged complaint contains sufficient factual matter . . . to state a claim") (cleaned up).

Here, Mr. Critchfield sufficiently alleges the first three elements: his age; his satisfactory performance of his job by receiving a yearly raise of two dollars and no bad performance reviews; and his discharge.[16] *Sheppard*, 694 F.3d at 1050 (plaintiff plausibly pled satisfactory performance when he alleges that "[]he received consistently good performance reviews"). But he did not plausibly allege that he was replaced by a younger employee within equal or inferior qualifications (or any other facts giving rise to an inference of age discrimination) and alleged only that Preston "hired another much younger person the same week they say there is restructuring."[17]

Third, to the extent that Mr. Critchfield purports to bring a claim under Title VII of the Civil Rights Act, an issue is whether he exhausted administrative remedies.

A plaintiff must first exhaust his administrative remedies by filing a written charge with the Equal Employment Opportunity Commission or a qualifying state agency. *Scott v. Gino Morena Enters., LLC*, 888 F.3d 1101, 1104 (9th Cir. 2018) (analyzing Title VII) (citation omitted). The plaintiff must file an administrative charge within 180 days of when the allegedly unlawful employment practice occurred. *Id.* at 1106 (citation omitted). If a plaintiff does not timely file an administrative charge, claims that he may later bring in court are subject to dismissal. *Cf. MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1080 (9th Cir. 2006) ("[Plaintiff] did not file

---

[16] Compl. – ECF No. 1 at 2–3, 10.

[17] *Id.* at 10.

1    her charges with the EEOC within the 180-day time limit, and as a result her Title VII claims were

2    properly dismissed.").

3         "When an employee brings suit for incidents not listed in his prior EEOC charge, a federal

4    court may hear the new Title VII claims if they are 'like or reasonably related to the allegations of

5    the EEOC charge.'" *Stache v. Int'l Union of Bricklayers & Allied Craftsmen, AFL-CIO*, 852 F.2d

6    1231, 1234 (9th Cir. 1988) (*citing Brown v. Puget Sound Elec. Apprenticeship & Training Trust*,

7    732 F.2d 726, 729 (9th Cir. 1984)). "[I]f the two claims are not so closely related that a second

8    administrative investigation would be redundant, the EEOC must be allowed to investigate the

9    dispute before the employee may bring a Title VII suit." *Id.*

10        The complaint here has conclusory allegations of harassment and retaliation.[18] The plaintiff is

11   not necessarily alleging claims that exceed the charge to the EEOC. Given the court's dismissal of

12   the complaint, Mr. Critchfield can address the scope of his charges in any amended complaint.

13

14                                    **CONCLUSION**

15        The court grants the motion to dismiss with leave to amend under Fed. R. Civ. P 12(b)(5) for

16   insufficient service under Rule 4 and under Fed. R. Civ. P. 12(b)(6). An amended complaint must

17   be filed by August 27, 2020, and Mr. Critchfield must comply with the rules for service.

18        This disposes of ECF No. 9.

19

20   **IT IS SO ORDERED.**

21   Dated: August 5, 2020

22                                                   _____

23                                                   LAUREL BEELER
                                                     United States Magistrate Judge
24

25

26

27

---

28   [18] *See* Compl. – ECF No. 1 at 10–15.

United States District Court
Northern District of California